UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALEXANDER DANIEL HAMILTON,

        **Plaintiff,**

v.                                         Case No. 22-CV-1325

BROWN COUNTY JAIL STAFF,
OFFICER NIKKI, OFFICER A. GARDEBRED,
OFFICER ABIGNEIL, and INTAKE OFFICERS,

        **Defendants.**

## ORDER

Plaintiff Alexander Daniel Hamilton, who is confined at Kettle Moraine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Hamilton also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This order screens Hamilton's complaint and resolves his motion.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Hamilton was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He

must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On November 7, 2022, Hamilton filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2) On November 9, 2022, the court ordered that Hamilton shall pay $27.77 as an initial partial filing fee by December 8, 2022. (ECF No. 5) Hamilton paid the fee on December 2, 2022. The court will grant Hamilton's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Hamilton's Allegations*

Hamilton alleges that on November 26, 2020, Brown County Jail intake staff, including defendants Officer Nikki, Officer A. Gardebred, and Officer Abigneil, placed him in a receiving cell to await the intake process. (ECF No. 1 at 2.) Hamilton fell asleep in the cell and was awoken by Gardebred tapping a restraint belt on the window of his cell. (*Id.*) Gardebred told Hamilton that he had to be placed in a "green smock" and placed in a padded cell. (*Id.*) Hamilton refused

3

because he states at the time he was no danger to himself or to others. (*Id.*) When Gardebred insisted, Hamilton asked how long he needed to be placed in the padded cell. (*Id.*) Gardebred responded that he would be in the cell for 24 hours. (*Id.*) Hamilton then asked if he chose to be placed in a restraint chair instead, how long he would have to stay in the restraint chair. (*Id.*) Gardebred went to ask another staff member how long Hamilton would be in the restraint chair. (*Id.*) When he returned, he told Hamilton that he would be in the chair for six hours. (*Id.*) Hamilton told Gardebred that he would rather be placed in the chair. (*Id.*)

Officer Abigneil then placed Hamilton in the restraint chair and strapped him into the restraints. (ECF No. 1 at 3.) When placing him in the chair, Abigneil pulled the restraints on the chair too tight. (*Id.*) Once in the chair, Hamilton began singing songs to pass the time; Officer Nikki came in to tell him to be quiet and go to sleep. (*Id.*) Hamilton asked to use the bathroom, but Nikki refused. (*Id.*)

Hamilton states he was kept in the restraint chair for 33 hours before he was given a bathroom break. (ECF No. 1 at 3.) When the defendants unstrapped him, his wrists, hips, ankles, and back were bleeding from the tightness of the restraints. (*Id.*) He also states that he was refused food or drink for 33 hours. (*Id.*) Also during this time Nikki was texting Hamilton's fiancé, telling her Hamilton "was crazy" and releasing information about his mental health in violation of the Health Insurance Portability and Accountability Act (HIPAA). (*Id.*) After he went through the intake process, he was then placed on "suicide watch" in the medical observation unit, where he was denied access to the phone. (*Id.*)

4

*Analysis*

Hamilton claims that the defendants violated his constitutional rights when they placed him in restraints for 33 hours. Because Hamilton was a pretrial detainee at the time, the Fourteenth Amendment's Due Process Clause applies to his claims. The "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989)). The Due Process Clause also protects pretrial detainees from conditions of confinement that are objectively unreasonable and amount to punishment. *Hardeman v. Curran,* 933 F.3d 816, 822 (7th Cir. 2019).

Hamilton sufficiently alleges against the defendants a claim for excessive force and a claim that the conditions of confinement were objectively unreasonable. He states that the defendants strapped him into the restraint chair in an unreasonably tight manner to the point where he bled. He also asserts that they denied him access to a bathroom, food, and drink for approximately 33 hours.

However, Hamilton may not proceed on a claim that he was not allowed access to a telephone while in the medical observation unit. When a jail or a prison has a legitimate justified interest in temporarily limiting phone usage, there is no constitutional claim. *See Bernal v. Hepp*, Case No. 22-C-231, 2022 WL 1289315 at *4 (E.D. Wis. April 29, 2022) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Regarding Hamilton's claim that Officer Nikki violated his HIPAA rights, under HIPAA "there is no express language conferring a private right or remedy for

5

disclosure of confidential medical information. Thus, courts have held that HIPAA did not create a private cause of action or enforceable right for purposes of suit under 42 U.S.C. § 1983." *Franklin v. Wall,* Case No. 12-cv-614-wmc, 2013 WL 1399611, at *2 (W.D. Wis. April 5, 2013) (citing Carpenter v. Phillips, 419 Fed. App'x 658, 659 (7th Cir.2011)). He may not proceed against Nikki for disclosing his mental health information.

In addition to three named defendants—Gardebred, Abigneil, and Nikki—Hamilton also names two categories of unknown defendants—Brown County Jail Staff and "Intake Officers." All of Hamilton's allegations appear to be against unknown intake staff that allowed him to be restrained for 33 hours, so for the sake of clarity the court will combine the two categories and re-label them as "John and Jane Doe Intake Officers." Hamilton will need to send the named defendants discovery requests to identify the real names of the Doe defendants. Once the named defendants answer the complaint, the court will issue a scheduling order providing more information about identifying the Doe defendants.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Hamilton's motion for leave to proceed without prepayment of the filing fee (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDRED** that the defendant placeholders "Brown County Jail Staff" and "Intake Officers" be replaced with the placeholder "John and Jane Doe Defendants."

6

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint (ECF No. 1) and this order upon defendants Officer Nikki, Officer A. Gardebred, and Officer Abigneil pursuant to Federal Rule of Civil Procedure 4. Hamilton is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Hamilton information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that the agency having custody of Hamilton shall collect from his institution trust account the $322.23 balance of the filing fee by collecting monthly payments from Hamilton's prison trust account in an amount equal to 20% of the preceding month's income credited to Hamilton's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Hamilton is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

7

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Hamilton is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions. After the court enters the scheduling order, Hamilton may serve discovery requests (written questions or requests for documents) on the named defendant in an effort to identify the Doe defendants. Once he knows the real name of the Doe defendants, he should file a motion identifying their real names so the court may replace the Doe placeholders. Again, Hamilton should not serve any discovery requests upon the named defendants until *after* the court enters a scheduling order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Hamilton is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Hamilton is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Hamilton's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Hamilton may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 24th day of January, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge