# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALEXANDER DANIEL HAMILTON,

          Plaintiff,

v.                                       Case No. 22-CV-1325

OFFICER NIKKI, *et al.*,

          Defendants.

## DECISION AND ORDER

Plaintiff Alexander Daniel Hamilton, who is incarcerated at Kettle Moraine Correctional Institution and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Hamilton was allowed to proceed on a claim alleging excessive force and a claim complaining about the conditions of his confinement. The defendants filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 24.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 6, 14.) The motion is fully briefed and ready for a decision.

## PRELIMINARY MATTERS

The defendants argue that Hamilton failed to follow Federal Rule Civil Procedure 56 and Civil Local Rule 56 when responding to their motion for summary judgment by not proposing any additional facts and failing to respond to their

proposed facts. (ECF No. 33 at 3-4.) District courts are entitled to construe *pro se* submissions leniently and may overlook a plaintiff's noncompliance by construing the limited evidence in the light most favorable to the plaintiff. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). While Hamilton's response materials do not formally conform with the rules, his response contains sufficient information to allow the court to rule on the defendants' motion. The court notes that Hamilton submitted a summary that explains his side of the story and swore under penalty of perjury that his version was true and correct. Hamilton also invokes 28 U.S.C. § 1746 in his complaint, which is enough to convert the complaint into an affidavit for purposes of summary judgment. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 954–55 (7th Cir. 2011). As such, the court will consider the information contained in Hamilton's submissions where appropriate in deciding the motion for summary judgment.

The court also notes that a portion of Hamilton's response brief appears to be a motion to compel information related to the merits of his claim.(ECF No. 33 at 1-2.) Because the court finds that Hamilton did not exhaust his administrative remedies as described below, there is no need to compel the defendants to provide discovery on the merits of his claim.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are

3

exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

At all times relevant Hamilton was incarcerated at the Brown County Jail. (ECF No. 26, ¶ 1.) At the time, Brown County Jail had a grievance procedure that prisoners needed to follow to complain about issues, including complaints of excessive force and relating to the conditions of confinement. (*Id.*, ¶ 2.) The grievance procedure was located in the inmate handbook, which prisoners are provided at booking. (*Id.*, ¶¶ 6-7.) It is also available for prisoners to review. (*Id.*)

Under the grievance procedure prisoners must attempt to informally resolve their complaint with their housing officer. (ECF No. 29-1 at 10.) If informal resolution is unsuccessful, a prisoner may complete a grievance form. (*Id.*) The form must be filled out within 48 hours of the incident. (*Id.*) If a prisoner misses the 48-hour deadline, he still may file a grievance but he needs to explain why he was

4

delayed. (*Id.*) Jail staff will review the grievance and respond to it within seven days. (*Id.* at 10-11.) A prisoner may appeal the decision within 48 hours of receiving a response. (*Id.* at 11.)

*Hamilton's Claims*

Hamilton was allowed to proceed on a Fourteenth Amendment excessive force claim and a conditions of confinement claim. He alleges that on November 26, 2020, the defendants strapped him into a restraint chair in an unreasonably tight manner to the point where he bled. He also asserts that they denied him access to a bathroom, food, and drink for approximately 33 hours. (ECF No. 5 at 9.)

*Hamilton's Attempts to Exhaust His Administrative Remedies*

The defendants assert that Hamilton never filed a grievance related to his time in the restraint chair. (ECF No. 26, ¶ 12.) Hamilton states that he did not file a grievance "due to trauma and fear of retaliation and further unreasonable living conditions." (ECF No. 33 at 4.) He also asserts that he was in the restraint chair for the entire 48-hour window he had to file a grievance, so he could not use the kiosk system to file a grievance. (*Id.*) Once he was released from the restraint chair, he was then placed in a "safety cell," where he also did not have access to the kiosk system. (*Id.*)

The defendants note that, in the event a prisoner is on restrictions, like being placed in a safety cell or in a restraint chair, they are able to make a verbal grievance with a correctional officer. (ECF No. 26, ¶ 12.) The grievance procedure, of which Hamilton was informed on November 25, 2020, during booking, also allows for

5

grievances outside the 48-hour window as long as the prisoner explains the reason for delaying his filing. (*Id.*, ¶ 7; ECF No. 29-1 at 10.) The defendants also state that Hamilton likely received a paper copy of the inmate handbook when we was incarcerated at Brown County Jail in 2009. (ECF No. 26, ¶ 8.)

According to the defendants, Hamilton was in the restraint chair "for his own safety" until sometime on November 27, 2020. (ECF No. 36 at 4.) He was then placed on suicide watch through November 27, 2020. (*Id.*) On November 28, 2020, he was placed in a medical watch cell because he had tested positive for COVID-19. (*Id.*) On December 8, 2020, he was placed in the jail's general population, where he had access to a kiosk system until his release on December 11, 2020. (*Id.* at 4-5.) At no time did he file a written grievance or lodge a verbal grievance. *(Id.)*

*Analysis*

It is undisputed that Hamilton did not file a grievance for the use of excessive force or complaining about the conditions of his confinement. To properly exhaust administrative remedies, a prisoner must adhere "to the specific procedures and deadlines established by the prison's policy." *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

Hamilton asserts that Brown County Jail's grievance process was unavailable to him. A prisoner can show that a grievance process was unavailable when "(1)

6

prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Ramirez v. Young,* 906 F.3d 530, 538 (7th Cir. 2018) (quoting Ross, 578 U.S. at 643-45.)

Hamilton asserts that, because he was placed in a restraint chair and then in a safety cell, he could not use the kiosk system to file a grievance. Although the defendants state that Hamilton could have lodged a verbal grievance, they do not establish that Hamilton was aware he could do so. The grievance procedure contained in the inmate handbook makes no reference to an inmate's ability to lodge a verbal grievance,, and the defendants provide no evidence that Hamilton was told he could lodge a verbal grievance. "'Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about." *Hill v. Snyder*, 817. F.3d 1037, 1040 (7th Cir. 2016).

Having said that, as the defendants point out, Hamilton could have filed a grievance when he was released back into the general population on December 8, 2020. He simply had to explain why he was filing the grievance outside of the 48-hour window. Hamilton was aware of this process because it was written in the grievance procedure, which Hamilton knew about—he had been provided the grievance procedure during booking and when he had been incarcerated at Brown County Jail before. Providing a prisoner access to the exhaustion procedure is sufficient to establish that the prisoner knew about the process for the purposes of exhaustion.

7

*See Ramirez*, 906 F. 3d at 538 ("The PLRA does not excuse a failure to exhaust based on a prisoner's ignorance of administrative remedies so long as the prison has taken reasonable steps to inform the inmates about the required procedures."). Thus, the grievance process was available to Hamilton. He could have filed a grievance late, and it is undisputed he did not do so. Summary judgment is granted in favor of the defendants.

## CONCLUSION

For the reasons stated above, Hamilton failed to demonstrate that he exhausted his administrative remedies for his claims. Therefore, his case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Hamilton's motion to compel contained in his response materials (ECF No. 33) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that that the defendants' motion for summary judgment (ECF No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely

requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 13th day of October, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

9

Case 2:22-cv-01325-WED   Filed 10/13/23   Page 9 of 9   Document 48